IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JOHN KESSEL,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 11-35-BU-RFC-CSO<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On July 8, 2011, Petitioner John Kessel moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Kessel is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

Kessel's motion to proceed in forma pauperis contains misrepresentations of fact. The prison trust account statements show that he receives income each month both from prison wages and from family or friends, e.g., Acc't Statement (doc. 2-1) at 2, 3, yet he avers that he has received nothing in the past year, Mot. to Proceed (doc.

2) at 2 ¶ 6.

On this basis alone, forma pauperis status would be denied, but the motion is moot because it is clear that the petition must be dismissed.

## II. Preliminary Review

The petition is Kessel's second under 28 U.S.C. § 2254. <u>Kessel v. Dooley</u>, No. CV 09-44-BU-RFC-CSO (D. Mont. filed June 5, 2009). He challenges the same conviction he challenged in his first petition. <u>Compare</u> Pet. (doc. 1) at 2 ¶¶ 1-5; <u>id.</u> at 7-8, <u>with</u> Pet. (doc. 1) at 1 ¶¶ 1-5; <u>id.</u> at 4-5, <u>Kessel</u>, No. CV 09-44-BU. The petition must be dismissed in its entirety for lack of jurisdiction. 28 U.S.C. § 2244(b)(3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, 149 (2007) (per curiam).

The Court of Appeals would have jurisdiction over an application for leave to file a second or successive petition, 28 U.S.C. § 2244(b)(3)(A), but transfer to that court is not in the interest of justice, <u>id.</u> § 1631. Kessel's claims would, even if not alleged in an unauthorized second petition, be both time-barred and procedurally barred, as were the claims in his first petition, Order (doc. 14) at 2-4, <u>Kessel</u>, No. CV 09-44-BU; <u>see also</u> <u>Kessel v. Dooley</u>, No. OP 11-0111 (Mont. Apr. 19, 2011) (doc. 1-4) (holding that habeas relief is not available under state law to challenge the validity of a conviction). The Montana Supreme Court's ruling of April 19, 2011,

does not restart the limitations period because it did not reopen Kessel's conviction, see Jimenez v. Quarterman, 555 U.S. 113, ___, 129 S. Ct. 681, 686-87 (2009), and does not constitute proper exhaustion because the petition was not heard on its merits, Coleman v. Thompson, 501 U.S. 722, 729-33 (1991). Dismissal is more appropriate than transfer.

### III. Certificate of Appealability

A certificate of appealability is not warranted because there is no doubt that Kessel's petition requires preauthorization under 28 U.S.C. § 2244(b). Additionally, his second petition is even more untimely than the first, and, also like his first petition, the second petition is procedurally barred as well. There is no reason to encourage further proceedings. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Kessel's motion to proceed in forma pauperis (doc. 2) should be DENIED AS MOOT.

2. Kessel's petition should be DISMISSED for lack of jurisdiction because it is an unauthorized second petition;

3. The Clerk of Court should be directed to enter judgment of dismissal; and

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Kessel must immediately advise the Court of any change in his mailing address</u> by filing a "Notice of Change of Address" under this Cause Number. Failure to do so may result in dismissal of the action without notice to him.

DATED this 12th day of July, 2011.

      /s/ Carolyn S. Ostby
      Carolyn S. Ostby
      United States Magistrate Judge